444 A.2d 176

**Mary Pagel BEWLEY, Appellant,**

v.

**AETNA LIFE & CASUALTY.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed April 12, 1982.

64

Albert Schlessinger, Philadelphia, for appellant.

Joseph C. DeMaria, Philadelphia, for appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal from a dismissal with prejudice of a Complaint filed by the appellant under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009, on the ground that the appellant had not commenced her action within the time period allowed by Section 106(c)(1) of that Act. The appellant contends that this defense had been waived because not properly pleaded and, if properly pleaded, that it was misapplied in this case.

The automobile accident out of which the appellant's claim arose occurred on August 11, 1975, while appellant was driving an insured car of her employer on her employer's business. On August 18, 1975, appellant filed an application with the appellee for basic loss benefits for work loss under the No-Fault Motor Vehicle Insurance Policy of her employer. On November 20, 1975, the appellee paid the appellant $249.33 by check in discharge of her claim.

On January 24, 1979, appellant commenced the present action by a Summons in Assumpsit to recover further basic loss benefits for work loss under the No-Fault Act. Her Complaint was filed on March 5, 1979. In it she asserts that, as a result of the accident and resulting injuries, she sustained a further loss of employment income from March 10, 1976 through July 1, 1978, amounting to $1,035 per month, against which she credits Workmen's Compensation benefits received at the rate of $690 per month, resulting in a net loss claim of $9,401.

On March 21, 1979, the appellee filed its Answer to the Complaint, including under the heading of "New Matter" the defense that the Complaint had not been brought within the time permitted by Section 106(c)(1) of the No-Fault Act, paraphrasing the first sentence of the Section as applicable. The draftsman of the Answer was apparently unaware of the earlier payment of benefits.

The time limitation on actions to recover benefits are set out in the statute, 40 P.S. 1009.106(c)(1) as follows:

Section 106. Payment of claims for no-fault benefits

. . . . .

(c) Time limitations on actions to recover benefits.—

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

On October 5, 1979, the appellee filed a Motion to Dismiss the Complaint with prejudice because it was filed more than two years after November 20, 1975, the date on which she received the earlier payment of benefits, again citing Section 106(c)(1) of the No-Fault Act.

The appellant filed an Answer to the Motion averring that the issue raised by the Motion had not been pleaded in appellee's Answer to the Complaint under the heading of "New Matter" as required by P.R.C.P. 1030. The appellee filed a Reply which included a request that it be permitted to amend its allegations under "New Matter" to conform to the position taken in its Motion to Dismiss.

Oral argument was heard by the Court on October 15, 1979 at which time the request to amend was renewed orally. On November 8, 1979, the Court granted the Motion to Dismiss the Complaint, but took no action on the Motion to Amend. This appeal followed.

The appellant contends that the appellee has waived the two-year limitation rule which runs from the date of the original payment because this defense had not been pleaded properly under "New Matter". She also contends that the Statute of Limitations should not run from the date of the first payment because that payment should not have been made. Appellant makes a third argument that the second sentence of Section 106(c)(1) of the No-Fault Act should be

read independently of the first sentence in such a way as to permit her to file her second claim at any time within four years of the date of the accident. We find no merit in any of these positions.

■ We believe that the issue of whether appellant's suit was brought within the time period authorized by Section 106(c)(1) of the No-Fault Act was adequately raised in appellee's Answer to the Complaint under the heading of "New Matter". That portion of the pleading read:

### New Matter

8. The cause of action sued upon occurred on August 11, 1975.

9. This lawsuit was commenced on January 24, 1979, three years, five months and thirteen days after the said occurrence.

10. Pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, No. 176, 40 P.S. 1009.106(c)(1), an action to recover no-fault benefits for loss arising other than from death may be commenced not later than two (2) years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known that the loss was caused by the accident, or not later than four (4) years after the accident, whichever is earlier.

11. The losses alleged were known to the Plaintiff to have been caused by the accident as of the date of the same, namely, August 11, 1975.

12. Defendant is, therefore advised and believes that this claim is barred by the aforesaid section of the No-Fault Act, Act of July 19, 1974, No. 176, 40 P.S. 1009.-106(c)(1).

No mention was made of the earlier payment of benefits, probably because it was overlooked.

While Paragraph 10 under "New Matter" avers that appellant's action was barred by the first sentence of Section 106(c)(1), the concluding Paragraph 12 pleads the broader

defense "that this claim is barred by the aforesaid section of the No-Fault Act, Act of July 19, 1974, No. 176, 40 P.S. § 1009.106(c)(1)." This is quite sufficient to raise the issue of timeliness under either of the limitations set out in Section 106(c)(1). The lower Court would have acted helpfully had it put the issue to rest by allowing the amendment of Paragraph 10 under "New Matter", but it was not necessary.

■ The appellant's second contention is that the initial payment to her was made by mistake and as a consequence should not be the starting point of a two-year time limitation on filing a further claim. The initial No-Fault payment was paid as compensation for work loss during the two-week period immediately following the accident. Appellant now claims that this loss was recoverable under Workmen's Compensation and should therefor have been declined by the appellee.

The factual assumption of that argument would appear to be incorrect. No Workmen's Compensation was allowable for the first seven days of disability, 77 P.S., § 154, and thereafter recovery was limited to two-thirds of the wages lost, 77 P.S., § 511, leaving the balance as a recoverable item under No-Fault Insurance. Indeed the appellant's Complaint is based upon her asserted right to recover the difference between Workmen's Compensation payments and lost wages.

Furthermore, the language of Section 106(c)(1) of the No-Fault Act measures the Statute of Limitations on a second claim from the last payment on the earlier claim and affords no basis for making a collateral attack on the first payment. Even if the initial payment had been made by mistake, the appellant ratified it by initiating the request for payment, receiving the money, and keeping it. She makes no claim that the appellee acted fraudulently or in bad faith in honoring her first claim.

Appellant's final argument that the Statute should be construed so as to authorize suit at any time within four

years of the accident is answered by the plain wording of Section 106(c)(1). In each of the two sentences of that section, the legislature has mandated a two-year Statute of Limitations, dating the first from the time the claimant knew that she had suffered loss and starting the second from the last payment under a prior claim.

The action of the lower court in dismissing the Complaint was correct.

Order affirmed.